951 F.2d 352
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Max GUNDLACH, IV, Defendant-Appellant.
 No. 90-3752.
 United States Court of Appeals, Seventh Circuit.
 Submitted Sept. 11, 1991.*
Decided Dec. 23, 1991.
 
 Before BAUER, Chief Judge, and EASTERBROOK, and MANION, Circuit Judges.
 
 Order
 
 1
 Max Gundlach, IV, pleaded guilty to embezzlement, in violation of 18 U.S.C. § 656, and was sentenced to two years' imprisonment plus supervised release and a fine. He contends that the conviction is invalid because, among other things, the United States Attorney for the district is his brother-in-law. But because Gundlach did not enter a conditional plea preserving the right to appeal other legal issues, we ask only whether the plea was involuntary. For a voluntary plea of guilty surrenders other legal claims, United States v. Broce, 488 U.S. 563 (1989), with the exception of contentions (which Gundlach does not make) that the indictment fails to state an offense, or that the district court lacks subject-matter jurisdiction.
 
 
 2
 That Gundlach's relative Patrick J. Fiedler was United States Attorney for the Western District of Wisconsin at the time of the prosecution does not call the voluntariness of the plea into question. Gundlach does not contend that Fiedler twisted his arm to make him plead guilty. Indeed, Fiedler disqualified himself from the investigation and prosecution. That Fiedler's name appeared on the office stationery has more to do with prudent use of federal funds (the office was hardly going to print a special run of stationery bearing the name of the person acting as United States Attorney for this case) than with the voluntariness of the plea. Nothing in Gundlach's brief casts the slightest doubt on the knowing and intelligent nature of the plea, which therefore bars all inquiry into the matters he asks us to decide.
 
 
 3
 All but one. Not only involuntariness but also ineffective assistance of counsel undercuts the validity of a plea. Gundlach contends that his counsel was constitutionally defective. But Gundlach does not identify any deficiency in counsel's performance, let alone establish prejudice from the shortcoming. A belief in hindsight that counsel should have "done something" about Fiedler's role does not discharge the defendant's burden under Strickland v. Washington, 466 U.S. 668 (1984), and Hill v. Lockhart, 474 U.S. 52 (1985). Counsel concluded that Fiedler had removed himself from the case; having reached this conclusion, there was nothing more to do.
 
 
 4
 AFFIRMED.